T. LIPPIA AND SON, INC. *v.* CARL L. JOBSON ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 05

Argued March 11—decided April 30, 1975

*Allen J. Segal,* for the appellants (defendants).

*Joseph P. Cianci,* for the appellee (plaintiff).

PER CURIAM. This action was brought in two counts, the first claiming a balance due and owing on a written contract together with certain extras performed by the plaintiff during the course of the execution of the contract, and the second claiming damages for the reasonable value of the benefit of labor and materials furnished by the plaintiff to the defendants. In addition, the defendants filed a counterclaim claiming damages for failure to perform substantially in accordance with the contract and for unworkmanlike and unsatisfactory work.

The report and finding of the referee disclose that on August 10, 1965, the plaintiff and the defendants entered into a written contract wherein the plaintiff agreed to construct a dwelling house on land of the defendants for the sum of $19,200 as the basic construction price plus additional payments for extras performed by the plaintiff less an allowance for credits due the defendants. Instalment payments totaling $16,650 were made on the basic contract price, leaving a balance due of $2550. Extras in the amount of $1156.57 were performed by the plaintiff, and it was agreed that credits due the defendants amounted to $1120. Certain defects in the work were corrected by the plaintiff, and the defendants took possession of the premises during November, 1965. The finding reveals that the plaintiff substantially performed all the terms and conditions of the construction contract and substantially and satisfactorily performed all the extras claimed by it.

The court then concluded that there is due and owing to the plaintiff from the defendants the sum of $2586.57 together with interest from August 11, 1968, and also concluded that no damages were due the defendants on the counterclaim.

In their assignment of errors, the defendants have made a wholesale and confusing attack on the court's findings and conclusions, claiming error on the face of the record as well as error in the conduct of the trial. Such a procedure is unwarranted and needlessly requires a great deal of time to be utilized in a fruitless task of reviewing the transcript of evidence. Attacks such as those rarely produce any beneficial results. "This court strongly disfavors such an unwieldy method of presenting an appeal." *Pawlinski* v. *Allstate Ins. Co.,* 165 Conn. 1, 3. Most of the additions to the finding or deletions requested are in dispute.

The court's conclusions which are attacked are to be tested by the finding. *Brockett* v. *Jensen,* 154 Conn. 328, 331. Those conclusions must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79. The principal thrust of the defendants' claim is that the evidence does not support the court's conclusion that the plaintiff substantially performed in accordance with the terms of the contract and substantially and satisfactorily performed all extras to the benefit of the defendants. Although there may have been some conflicting evidence presented, the determination of the credibility of witnesses is a function solely entrusted to the trier. "As the trier, it is the sole arbiter of the credibility of witnesses and is privileged to adopt whatever testimony it reasonably believes to be credible." *Tartaro* v. *La Conte,* 157 Conn. 583, 584. The question of substantial performance is ordinarily one of fact. *Daly & Sons* v. *New Haven Hotel Co.,* 91 Conn. 280, 290.

On the complaint, the court found that there was substantial performance, and on the counterclaim the court found that there was no defective or unworkmanlike work. Those findings of fact support the conclusions of the court.

We shall discuss one final claim of the defendants, namely, that judgment based on an implied contract cannot be entered where an express contract exists. That rule, alluded to in such cases as *Corriveau* v. *Jenkins Bros.,* 144 Conn. 383, 387, and *Freda* v. *Smith,* 142 Conn. 126, 134, is inapplicable under the circumstances of this case. The plaintiff properly alleges one count in express contract and a second in quantum meruit. *McCaffrey* v. *Groton &*

*Stonington Street Ry. Co.,* 85 Conn. 584, 594; 66 Am. Jur. 2d, Restitution and Implied Contracts, § 83. The defendants in their answer admit that they agreed to pay the basic construction price plus costs for extras. They contend, however, that the contract provides that written authorization is required when there is any deviation from the specifications and plans involving an extra charge or credit.[1]

The defendants seek a credit of $1120 under the terms of the provision which they now cite to prevent payment to the plaintiff for extras. It is immaterial whether the award for extras to the plaintiff is based on the provisions of the original contract or a subsequent implied contract. *Casey* v. *McFarlane Bros. Co.,* 83 Conn. 442, 444; see *Shelton Yacht & Cabana Club, Inc.* v. *Suto,* 150 Conn. 251, 260. A provision in written contracts requiring written orders is a contract provision that may be waived by the parties. *Von Langendorff* v. *Riordan,* 147 Conn. 524, 528; see note, 2 A.L.R.3d 620, 648. In this case the requirement of written orders for the extras allowed had been waived.

There is no error.

BARBER, SPEZIALE and SPONZO, Js., participated in this decision.

---

[1] The parties have not raised the precise claim that that provision of the written contract applies only to alterations and not to other extras under the rule of such cases as *Casey* v. *McFarlane Bros. Co.,* 83 Conn. 442, and *Mahoney* v. *Hartford Investment Corporation,* 82 Conn. 280.