The plaintiffs brought this action seeking to recover damages they incurred after the defendant allegedly poured nine, instead of three, inches of concrete on their basement floor and improperly pitched a concrete slab in the front entranceway of the house. The defendant pleaded the special defense that the concrete work had been performed in accordance with the specifications supplied by the builder whom the plaintiffs had hired and, therefore, any complaint directed against the defendant should be made against the builder. In its decision the trial court rejected the special defense and rendered judgment for the plaintiffs. The defendant has appealed, contending that the trial judge erred by finding that his work was defective and that he had breached his contract with the plaintiffs.
The decision of the trial court in this case was primarily a resolution of conflicting testimony and evidence directed to the pitch of the front stoop toward the house and the amount of headroom in the basement passageway. After considerable review of the transcript and the record, we cannot say that the trial court's decision that the defendant had breached his contract with the plaintiffs was unfounded. On the contrary, reference to the applicable plans unequivocally supports the trial court's conclusion that "according to the architectural plans there should have been seven feet in the basement passageway," which did not exist after the defendant's pouring of the basement floor.
"The decisive question was one of fact. The evidence . . . amply supports the findings of the court . . . and, in turn, those findings support the decisive conclusions of the court. The [defendant's] attack upon the finding amounts to nothing more than *Page 340 
a request that we accept [his] version of the facts. It is for the trier to pass upon the credibility of witnesses and the weight to be accorded the evidence. This court cannot retry the case." Edgewood Construction Co. v. West Haven Redevelopment Agency, 170 Conn. 271, 272,365 A.2d 819 (1976).
 There is no error.
DALY, BIELUCH and COVELLO, Js., participated in this decision.