The plaintiffs instituted this action against the defendant in two counts alleging misrepresentations and breach of contract. The defendant filed a counterclaim for abuse of process. The trial court found the issues for the plaintiffs on both the complaint and the counterclaim and awarded damages in the amount of $3353.01 plus interest at 8 percent from July 2, 1976, to the date of judgment. The defendant has appealed from the judgment on the complaint only.
The trial court found the following facts: The plaintiffs were interested in purchasing a home located on Shelton Road in Trumbull. At the suggestion of the realtor and prior to entering into a purchasing agreement, they retained the defendant to ascertain whether there were any structural or other defects.
The defendant inspected the premises and rendered a written report to the plaintiffs on or about May 17, 1976. The plaintiffs subsequently completed the purchase of the home and took possession in July, 1976. Upon entering the premises after the closing, the plaintiff husband noticed that the kitchen light was not functioning and on tracing the wires found a burned floor joist in the cellar. The burned area extended through the walls to the second floor. He also found that the bathroom facility was inoperable and that there was porch rot. Extensive fire damage was found near the hot water heater. It had existed for some time and extended to the first floor. None of this was disclosed in the defendant's report to the plaintiffs. *Page 612 
One of the plaintiffs' experts estimated the cost of repairs to be between $1500 and $2000 for materials and over $2500 for labor. The plaintiff husband was a carpenter and did much of the repair work himself. The cost of materials used was found to be $1921.01. The plaintiff husband expended 179 hours which, at $8 per hour, his regular rate of pay, amounted to $1432, for a grand total of $3353.01.
The trial court found that the inspection made by the defendant was incomplete, that the fire damage should have been discovered as a result of any such inspection and that the plaintiffs relied on the defendant's inspection to their detriment. They were, therefore, entitled to recover damages for the failure of the defendant to perform the inspection in a competent and workmanlike manner.
The defendant has raised the following issues: (1) The plaintiffs failed to satisfy their burden of proving a causal relationship between their damages and any breach of duty on the defendant's part; (2) the defendant substantially complied with any duty owed to the plaintiffs; (3) the trial court applied an incorrect measure of damages and interest; (4) the facts found and evidence did not support the trial court's conclusion; and (5) the defendant is entitled to a new trial.
The defendant claims that there was no proof of a causal connection between any acts or omissions on his part and the damages incurred by the plaintiffs. The gravamen of this claim is that the structural damage to the house occurred long before the defendant performed the inspection and, thus, could not have been caused by him. This claim has no merit as the plaintiffs never alleged that the defendant caused any damage to the structure. Rather, the injury which the plaintiffs claim to have suffered was (1) that they purchased a house at least partially in reliance upon the defendant's misrepresentations that the structure was *Page 613 
sound; or (2) that the defendant breached its contract to perform the structural inspection in a workmanlike manner.
Whether the damages incurred by the plaintiffs were caused by either of these acts of the defendant is a question of fact. Merhi v. Becker,164 Conn. 516, 521, 325 A.2d 270 (1973); see Johnson v. Flammia, 169 Conn. 491, 498,363 A.2d 1048 (1975). The trial court found that the plaintiffs met their burden of proving that the harm which they suffered was caused by the defendant's failure to perform the structural inspection in a competent and workmanlike manner. The trial court's decision will not be reversed or modified unless it is clearly erroneous in light of the evidence and the pleadings in the record as a whole. Practice Book 3060D; Pandolphe's Auto Parts, Inc. v. Manchester, 181 Conn. 217, 221-22,435 A.2d 24 (1980). Upon review of the transcript and the record, we conclude that there was ample evidence to support the findings of the trial court.
The defendant next claims that he substantially complied with any duty owed to the plaintiffs under the contract. We do not agree. The contract between the parties provided that the defendant would perform a structural inspection of the premises. Implicit in that contract was a promise by the defendant that he would do so in a skillful, competent and workmanlike manner. 17 Am.Jur.2d, Contracts 371, p. 814. Whether he performed that duty was a question of fact for the trier. See T. Lippia Son, Inc. v. Jorson,32 Conn. Sup. 529, 531, 342 A.2d 910 (1975). The trial court's finding that he breached that duty is well supported by the evidence; thus, we will not disturb it on appeal. The defendant, however, asserts that the report which he gave to the plaintiffs contained a general disclaimer of warranties and, therefore, he could not be held liable for any breach of warranty. This claim is without merit as the plaintiffs never alleged a breach of any express or implied warranties in their amended complaint. *Page 614 
We turn next to the defendant's claim that the court applied an incorrect measure of damages. "As a general rule, in awarding damages upon a breach of contract, the prevailing party is entitled to compensation which will place him in the same position he would have been in had the contract been properly performed." Levesque v. D M Builders, Inc., 170 Conn. 177, 180-81,365 A.2d 1216 (1976). If the defendant had performed the contract in a competent and workmanlike manner, then one of two things would presumably have occurred. Either the plaintiffs would not have purchased the house or they would have received an adjustment in the purchase price reflecting the amount required to correct the structural damage. In either event, the plaintiffs would not have had to expend their own money to make the necessary repairs. We conclude, therefore, that the measure of damages applied by the trial court was correct.
The defendant also contends that the amount of damages awarded was not supported by the evidence. The amount of the award is within the province of the trier of the facts. Johnson v. Flammia, supra, 499. The trial court had an opportunity to observe the demeanor of the witnesses; thus, it was best able to judge their credibility. Edens v. Kole Construction Co., 188 Conn. 489, 494-95,450 A.2d 1161 (1982). This court cannot retry the case. Mabry v. Blakeslee, 38 Conn. Sup. 338, 340,446 A.2d 1089 (1982). With these principles in mind, we have reviewed the record and the transcript and have concluded that the amount of the trial court's award was amply supported by the evidence.
The defendant also claims that the court erred in awarding interest at the rate of 8 percent from July 2, 1976, to the date of judgment. "[T]he allowance of interest is primarily an equitable determination to be made within the discretion of the trial court." Scribner v. O'Brien, Inc., 169 Conn. 389, 406, 363 A.2d 160 (1975). We hold that the trial court did not abuse its *Page 615 
discretion in awarding interest. We find, however, that the court should have awarded interest at the rate of 6 percent from July 2, 1976, to September 30, 1979, and at 8 percent thereafter, as the 8 percent rate did not become effective until October 1, 1979. Public Acts 1979, No. 79-364.
The defendant further claims that the court erred in finding that he should have discovered the structural damage had he performed the inspection diligently. This was clearly a question of fact. The defendant's attack upon this finding amounts to nothing more than a request that we accept his version of the facts. As we have previously stated, it is for the trier to pass on the credibility of witnesses and the weight to be accorded the evidence. Edgewood Construction Co. v. West Haven Redevelopment Agency, 170 Conn. 271,272, 365 A.2d 819 (1976). We hold that this finding was amply supported by the evidence.
Finally, the defendant claims that a deposition taken of the plaintiffs' grantor was missing from the trial court's file and he should have a new trial in order to have the benefit of this evidence. This claim was never advanced at trial, thus we do not consider it here. Practice Book 3063; Fico v. Liquor Control Commission, 168 Conn. 74,77-78, 358 A.2d 353 (1975).
 There is error in the amount of the judgment only, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiffs in the amount of $3353.01 plus interest at the rate of 6 percent from July 2, 1976, to September 30, 1979, and at the rate of 8 percent to the date of the judgment of the trial court.
In this opinion COVELLO and CIOFFI, Js., concurred.