ALAN BARNICOAT ET AL. *v.* THOMAS EDWARDS
(2250)

TESTO, HULL and DUPONT, Js.

Argued February 2—decision released May 8, 1984

*Allen J. Segal,* for the appellant (defendant).

*Donald A. Jacobs,* for the appellees (plaintiffs).

PER CURIAM. The defendant appeals[1] from a judgment by the trial court for the plaintiffs in a suit for breach of a contract for the construction of a new house. The plaintiffs alleged that they had a written contract[2] for construction of a house to be built for them according to certain specifications on land owned by

---

[1] This appeal, originally filed it the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] Although the trial court found that there was an unwritten agreement, the plaintiff alleged that there was a written agreement. In paragraph one of the complaint, the plaintiff stated in part: "Copies of the Agreement and Specifications will be filed as Plaintiff's Exhibit A." No exhibits, how-

the defendant. They claim numerous construction defects and seek damages for the cost of repair of these defects.

The closing took place on July 29, 1975. The plaintiffs brought suit on July 4, 1976, claiming eleven defects in the house. The trial began on May 16, 1979, and on May 17, 1979, the court allowed the plaintiffs to file an amended complaint claiming a very different set of defects based upon a pretrial memorandum filed by the plaintiffs on March 29, 1979.

The trial court concluded that the plaintiffs' suit was for a breach of contract and that the six-year statute of limitations contained in General Statutes § 52-576 applied. The court found sixteen defects proven and after itemizing the costs to correct or repair each item, awarded the plaintiffs $6470.86 in damages.

The defendant raises two principal issues on appeal: (1) that the amended complaint was barred either by the three-year statute of limitations for torts; General Statutes § 52-577; by the two-year statute of limitations for negligent damage to real property; General Statutes § 52-584; or by the three-year statute of limitations for failure to comply with the building code in the construction of a new single-family house; General Statutes § 52-563a; and (2) that the court erred in basing damages on the cost to repair the defects rather than on the diminution in value of the plaintiffs' property.[3]

The plaintiffs' amended list of defects contained in the amended complaint of May 17, 1979, did not con-

ever, were filed with this appeal. At trial, a written purchase agreement was admitted into evidence and a "material specification" sheet was introduced also. There is testimony regarding the fact that these written documents existed. Whether or not the agreement was in writing, in any event, does not affect our decision in this matter.

[3] The defendant also claims error in the trial court's admission into evidence, over the defendant's objection, of uncertified copies of portions of

stitute a new cause of action. Both the original list of defects and the amended list grew out of claimed defects in the construction of a new house. " 'A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief.' *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 197, 91 A.2d 778 (1952)." *Burgess* v. *Vanguard, Ins. Co.,* 192 Conn. 124, 125, 470 A.2d 244 (1984). " 'It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated.' *Gallo* v. *G. Fox & Co.,* 148 Conn. 327, 330, 170 A.2d 724 (1961)." *Burgess* v. *Vanguard, Ins. Co.,* supra, 126. The identity of the cause of action remained the same in this case so that the six-year contract statute of limitations applied and the court properly allowed the amendment in its discretion. See *Jonap* v. *Silver,* 1 Conn. App. 550, 554–55, 474 A.2d 800 (1984).

"As a general rule, in awarding damages upon a breach of contract, the prevailing party is entitled to compensation which will place him in the same position he would have been in had the contract been properly performed. *Bertozzi* v. *McCarthy,* 164 Conn. 463, 468, 323 A.2d 553 [1973]; *Sabo* v. *Strolis,* 148 Conn. 504, 506, 172 A.2d 609 [1961]. Such damages are measured as of the date of the breach. *Bachman* v. *Fortuna,* 145 Conn. 191, 194, 141 A.2d 477 [1958]; *Lee* v. *Harris,* 85 Conn. 212, 214, 82 A. 186 [1912]; 22 Am. Jur. 2d, Damages § 52. For a breach of a construction contract involving defective or unfinished construc-

the state building code. This was harmless error in the trial to the court. "Nothing in the memorandum of decision suggests that the court used the purported code to establish the standard of care owed by the defendant to the plaintiffs." *Coburn* v. *Lenox Homes, Inc.,* 186 Conn. 370, 380, 441 A.2d 620 (1982).

tion, damages are measured by computing either '(i) the reasonable cost of construction and completion in accordance with the contract, if this is possible and does not involve unreasonable economic waste; or (ii) the difference between the value that the product contracted for would have had and the value of the performance that has been received by the plaintiff, if construction and completion in accordance with the contract would involve unreasonable economic waste.' Restatement, 1 Contracts § 346 (1) (a), p. 573; see annot., 76 A.L.R.2d 805, 812 § 4." *Levesque* v. *D & M Builders, Inc.,* 170 Conn. 177, 180–81, 365 A.2d 1216 (1976). "*Levesque* involved a buyer who wanted to relocate a house misplaced on a building lot. This court refused to permit relocation costs of $10,800 to be awarded for breach of contract and warranty, when the original contract price had been $22,600. Id., 182. *Levesque* adopts a rule that limits damages to the diminished value of the building whenever the cost of repairs is dramatically larger than is the difference in value. Id., 180–82. Although the costs of repair may more precisely place the injured party in the same physical position as full performance, policy dictates limitation to diminution of value to avoid unreasonable economic waste." *Johnson* v. *Healy,* 176 Conn. 97, 105, 405 A.2d 54 (1978). In *Johnson,* the plaintiff had sought $27,150 as costs in constructing a new foundation for a house originally purchased for $17,000. In concluding that the proper test for damages was the difference in value between the property had it been as represented and the property as it actually was, the *Johnson* court noted that the price discrepancy between reconstruction cost and contract price was even larger than it was in *Levesque,* supra.

In this case, the $6470.86 cost of repair was a reasonably small amount compared to the purchase price

of the house and lot in the amount of $52,260. The award of such damages does not involve an unreasonable economic waste.

The judgment of the court was not clearly erroneous. Practice Book § 3060D; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

There is no error.