[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After a full hearing at trial to the court, the following facts are found:
1. Plaintiff Louis R. W. Edmonds (referred to as "Plaintiff") operated Edmonds Aircraft Service, in Nashua, New Hampshire.
2. Plaintiff is an aircraft mechanic certified in airframe and power plant maintenance and was so certified at the time in question. Plaintiff possessed an inspection authorization certificate from the FAA.
3. Plaintiff's business consists of repair and maintenance of aircraft, including performance of annual inspections of aircraft. He employs two other certified mechanics in his business, Edward DesLaurier and Kevin Brown.
4. Plaintiff's services are known to be expensive because of the thoroughness of his work.
5. Normally, when planes are brought to plaintiff for their first annual inspection, that inspection is more expensive than subsequent inspections because the plane is brought up to plaintiff's standards which are that the plane leave in factory-like condition.
6. In 1996, defendant, Dr. Goodman, was the owner of a 1974 Cessna aircraft which he bought in 1995 for $35,000.
7. Defendant had heard of plaintiff's business through an acquaintance, Roger Bogin, who had used plaintiff's services for his aircraft and had informed defendant that plaintiff was expensive.
8. In June defendant contacted plaintiff concerning performance of annual inspection and other services.
9. Plaintiff and defendant agreed upon a price for plaintiff's services for the annual inspection of parts plus labor — labor at the agreed rate of $36.50 per hour. No ceiling was set and no number of hours was agreed upon, although defendant testified that plaintiff promised that the work would be finished in 1 — 1-1/2 weeks and plaintiff denied that any time frame was specified. There was no written agreement. CT Page 2100
10. There existed a meeting of the minds or oral contract based on the work to be performed and the price therefor.
11. On June 17, 1996, defendant delivered his plane to the Nashua, New Hampshire place of business of plaintiff.
12. Defendant pointed out problems with the oil pump on the engine, damage to the elevator and problem with flaps. Plaintiff agreed to remedy these problems.
13. Plaintiff researched Airworthiness Directives (AD) and applicable service bulletins and compiled a "Squawk List" of things to be done. Plaintiff kept defendant informed of "Squawk List" items and if defendant did not want one item performed, it was not done. Extensive time records were kept by plaintiff of the work performed.
14. Defendant authorized all of the work that was done. Defendant did not, however, specifically authorize the wash and wax although plaintiff claims that this was necessary for FAA inspection. The cost of same was $348.
15. Plaintiff admittedly missed performing an AD 90-04-06 which he claims a log in the plane had shown it had been previously done. Defendant was not charged for this.
16. After some five weeks, the work on defendant's plane was completed and on picking up the plane, defendant was presented with an extensive itemized bill for $14,666.09. Defendant disputed this amount and paid $5000 claiming that was final payment. Plaintiff made demand for the balance of $9,666.09 plus interest of 1-1/2% per month as set forth on the bottom of the bill and also claims attorneys fees and costs although there is no written agreement for the same.
17. One week after picking up the plane, defendant returned to retrieve his log books and did not complain of problems with oil pressure or flaps nor did plaintiff notice any oil leakage. However, defendant in his special defense claimed problems with oil pressure and produced bills from September for frequent oil additions.
18. Defendant's expert witness testified that no prior annual inspections had been done on the aircraft and that there CT Page 2101 should have been one done in 1992. He further testified that all of the work billed appeared to have been done. He testified that his normal procedure and that of most Connecticut aircraft servicers is to give a flat rate for annual inspections. He further testified that an outside limit he believed for work done by plaintiff would be $7000.
19. Defendant raised three special defenses and a counter-claim. The first special defense being that plaintiff failed to complete FAA Airworthiness Directive 90-04-06 subjecting defendant to risk of life, limb or property, the second being an improper mounting of a magnet resulting in an oil leak and the third being improper repair to a wing flap.
20. Defendant sold the aircraft for $34,000, although he had a prior contact for $42,000 in which the prospective buyer backed out. At the pre-buy inspection, it was discovered that the AD 90-04-06 had not been done.
21. Defendant claims to have paid his expert mechanic Szigeti $700 for that work and for the oil leak.
The court finds that there was a valid oral contract between plaintiff and defendant and that plaintiff performed work under that contract and that defendant refused to pay. The court holds that defendant failed to prove his counterclaim by a preponderance of credible evidence. However, the court finds that defendant did not authorize the wash and wax. However, the court finds that defendant is entitled to a offset for the performance of the repairs to the oil leak and AD 90-04-06.Sperry v. Molers, 3 Conn. App. 692, 696 (1985) (damages under substantial performance doctrine measured by contact price less amounts necessary to complete performance.)
The court therefore awards plaintiff $9,666.09 less $700 for repairs and $348 for the wash and wax not authorized. No interest is awarded as the finance charge set forth on the bottom of the bill was not agreed to. Further, there was a legitimate dispute as to the amount of the bill. Attorneys fees are not awarded as there was no written agreement to pay the same and there was no statute authorizing attorneys fees in these circumstances.
It is well entrenched in our jurisprudence that Connecticut adheres to the American rule. Doe v. State, 216 Conn. 85 (1990) CT Page 2102 citing 106; Marsh, Day Calhoun v. Solomon, 204 Conn. 639, 653,529 A.2d 702 (1987). Under the American Rule, a party cannot recover attorneys' fees in the absence of statutory authority or a contractual provision. Doe v. Heintz, supra, 22-23;Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1, 14-15,513 A.2d 1218 (1986); Gino's Pizza of East Hartford. Inc. v.Kaplan, 193 Conn. 135, 140, 475 A.2d 305 (1984).
Judgment enters for plaintiff in the amount of $8,618.09 plus costs.
KULAWIZ, J.