[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
This three-count complaint was tried to the court and to a jury. Through the first and third counts the plaintiffs sought monetary damages. Based on the lack of evidence, the court declined to submit the third count to the jury. On the first count the jury returned a verdict in favor of the plaintiffs. The court rendered judgment for the defendants on the second count. Following judgment the plaintiffs have submitted a bill of costs. In turn, the defendants have objected to the plaintiffs' bill of costs and have submitted one of their own on the basis of their success on the second and third counts.
The plaintiffs have submitted their bill of costs pursuant to Connecticut General Statutes 52-257 through which they seek fees for trial of the matter, witness and deposition fees, sheriffs' fees, and expert fees totaling $11,214.04. In support of this quest, the plaintiffs accompanied their motion with deposition cover pages, sheriffs' bills, and statements from two expert witnesses. Aside from the fact that the court's recollection of the amount of time spent by the experts in court is at variance with their bills, the plaintiffs have not allocated any of the requested fees and costs to the one count on which they prevailed. In tactical response to the plaintiffs' filing, the defendants seek fees and costs for similar items totaling $4,764.66. The significant difference in the amounts of the parties' requests lies in the sums claimed by their respective experts. Mr. Duffee claims $6,400 as an expert fee for testimony based, in part, on a claim that he expended 26 hours in court on November 5, 1999 and another 6 hours on November 12, 1999. Based on the court's notes and recollection, Mr. Duffee's court attendance encompassed approximately 12 hours. Additionally, the plaintiffs' claim expert witness fees for Lawson Safley, Phd of $3,780.00 based on a daily rate of $1260.00 for three days, without an hourly breakdown, and the plaintiffs' claim regarding Dr. Safley is not limited to the one count in which they prevailed although Dr. Safley's testimony pertained to all three counts.
While the defendants' bill of costs seeks more modest sums for expert witnesses, it contains no allocation relating to the counts on which the defendants prevailed.
The plaintiffs' request for fees and costs is based upon C.G.S. CT Page 534652-257. As a general proposition of law, parties to a civil action are required to bear their own litigation expenses, except as otherwise provided by statute. M. DeMatteo Construction Company v.New London, 236 Conn. 710 (1996). While C.G.S. 52-257 permits the court to award fees for certain categories of experts, there is no statutory language permitting the award of expert fees for an agricultural engineer or an odor expert. C.G.S. 52-257 must be read in conjunction with C.G.S. 52-260 dealing with expert fees. The language of C.G.S. 52-257 (b) that: "Parties shall also receive: (1) For each witness attending court, his legal fee and mileage" is not authorization to award expert fees but refers to legal fees and mileage as stated in C.G.S. 52-260 which sets witness fees as fifty cents a day, and mileage at ten cents a mile. Additionally, C.G.S.52-260 enumerates the categories of expert witnesses whose fees may be awarded, and those are limited to practitioners of the healing arts, dentists, nurses, and real estate appraisers. The plaintiffs' request for expert fees relating to the First Count is without statutory authority.
The court does, however, retain the discretion to award fees in an equitable action. Rizzo Pool Company v. Grosso, 240 Conn. 58, (1997); C.G.S. 52-257 (e). Thus, in light of the equitable nature of the second count, the court could award expert fees to either party relating to second count. This, the court declines to do.
As to the balance of costs and fees claimed by the parties, C.G.S. 52-243 provides, in part, that "if a verdict is found on any issue joined in an action in favor of the plaintiff, costs shall be allowed to him, though on some other issue the defendant should be entitled to judgment, unless the court which tried the issue is of the opinion that the defendants had probable cause to plead the matter found against him." Though the language of this statute is rooted in prior pleading practice, it is the court's understanding of the statute that if the court finds that the defendants had probable cause to defend the matter and to allege defenses to it, as they did in this case, the award of costs to the plaintiffs is discretionary. Cf. Sperry v. Moler, 3 Conn. App. 692 (1985).
Additionally, P.B. 18-15, dealing with costs where both legal and equitable issues are tried, states, in pertinent part: "Where legal and equitable matters or claims for relief arising out of the same transaction or transactions connected with the same subject of action are joined in the same complaint . . . the costs upon the whole case shall be at the discretion of the judicial authority."
In this matter the plaintiffs and the defendants each expended CT Page 5347 substantial sums with mixed results. Under these circumstances, the court believes it is proper and just for each party to bear his own costs without contribution from the other. According no costs are awarded to either party.
Bishop, J.