[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 13, 2000, the plaintiff, Christopher Young, d/b/a CC Construction, filed a two-count complaint against the defendants, Shendet and Irene Ferraj, in Putnam Superior Court. The first count of the complaint seeks the foreclosure of a mechanic's lien filed against the defendants' property located in the town of Plainfield for an alleged breach of contract. The second count is a claim of quantum meruit. The complaint involves the alleged failure of the defendants to fully pay for the construction services of the plaintiff.[1] The contract, which is dated August 1, 200 (sic), names the defendants as the "BUILDER:(homeowner)," and the plaintiff as the "SUBCONTRACTOR: CC Construction." (Emphasis in original.) The contract was signed by Shendet Ferraj under section entitled "BUILDER" and by Christopher Young and Bruce Hyde in the section entitled "SUBCONTRACTOR." Hyde, however, is not named as a party to this action. The exact nature of the parties' relationship is unclear at this time.
On December 8, 2000, the defendants filed an answer, special defense and counterclaim.[2] The special defense alleges that the plaintiff CT Page 4015 failed to perform in accordance with the contract, causing the defendants to incur substantial costs and expenses. The counterclaim sets forth a breach of contract claim. On February 13, 2001, the plaintiff filed a motion to strike the special defense accompanied by a memorandum of law. On March 2, 2001. the defendants, via facsimile, filed an untimely memorandum in opposition.[3]
The plaintiff moves to strike the special defense on the ground that "the defense is legally insufficient to state a claim upon which relief can be granted." (Plaintiff's Motion to Strike.) A plaintiff may move to strike a special defense; see Nowak v. Nowak, 175 Conn. 112, 116,394 A.2d 716 (1978); by, upon the face of the motion, "separately set forth each . . . claim of insufficiency and . . . distinctly specify[ing] the reason or reasons for each such claimed insufficiency." Practice Book § 10-41; see Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4,594 A.2d 1 (1991). The failure to distinctly specify the reasons renders the motion defective, even if the required reasons are contained in a supporting memorandum. See Bouchard v. People's Bank, supra, 219 Conn. 473
n. 4. Nevertheless, because of the nonjurisdictional nature of Practice Book § 10-41, the court may still consider the motion if the non-moving party fails to object to its form. Having heard no objection, the court will consider the merits of the motion.
The plaintiff argues in his supporting memorandum that "[t]he Defendant[s] [have] not properly pled a Special Defense. The Defendant[s'] Special Defense does not claim that the Plaintiff has `no cause of action.' Rather, the Defendant[s] [have] set-forth reasons why the Plaintiff did not perform his work in a `good and workmanlike manner' which is not the proper basis of a Special Defense." (Plaintiff's Memorandum, p. 3.) The defendants argue that it is their option whether to file a simple denial or to plead a special defense and assume the burden of proof.
The defendants allege in their special defense that an agreement existed between the parties whereby the plaintiff was to furnish labor to frame a house on the defendants' property. The contract specified that the work was to be performed in a "good and workmanlike manner . . . free from faults and defects." (Defendants' Special Defense.) The defense further alleges that the plaintiff failed to perform in accordance with these requirements, causing the defendants to incur substantial costs and expenses.
"If, in any particular, [a plaintiff] . . . failed to perform, it is a fundamental rule of pleading that the defendants must affirmatively specify that particular in their answer. Sortito v. Prudential Ins. Co.,108 Conn. 163, 168; Xanthakey v. Hayes, 107 Conn. 459, 465." Northrop v.CT Page 4016Town of Clinton, 14 Conn. Sup. 28, 32, ___ A.2d ___ (1946); see also OkeeIndustries, Inc. v. Eastern Building Contractors, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 700585 (December 17, 1990, Freed, J.) (3 Conn.L.Rptr. 566, 568) (it is a fundamental rule of pleading that a plaintiff's non-performance must be specifically pled in the answer). Specifically in relation to the foreclosure of a mechanic's lien, a plaintiff's nonperformance or inadequate performance has often been raised as a special defense. See, e.g., Sperry v. Moler, 3 Conn. App. 692, 491 A.2d 1115 (1985) (the defendants, by way of special defense, alleged negligence and breach of contract on the part of the plaintiff builder, who did not complete the construction of their house"); Darien Asphalt Paving, Inc. v. Giordano, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 107529 (October 30, 1998, Lewis, J.) (the first special defense alleged that the plaintiff breached the contract by performing its work improperly and in an unworkmanlike manner); Bordiere v. Defranco, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 107529 (November 21. 1997, Lewis, J.) (the second special defense alleged inadequate performance, and the third special defense alleged an entitlement to a "set-off" for monies expended in order to remedy the plaintiff's breach); Michaud v. Goffe, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 528438 (August 16, 1996,Sheldon, J.) (the defendant's second special defense alleged that the plaintiff's work was done in an unskillful and negligent manner); AreisFinancial Corp. v. Stafford, Superior Court, judicial district of New Haven at New Haven, Docket No. 309477 (September 13, 1995, Quinn, S.T.R.) (special defense claimed that "the plaintiff failed to complete the contract in accordance with it's terms and that the work done was performed in an unskilled and unworkmanlike manner").
Special defenses are appropriate where they allege facts that are consistent with the complaint but show, notwithstanding, that the plaintiff has no cause of action. See Practice Book § 10-50. In this action, the plaintiff's complaint, at least in part, is based upon the defendants' failure to pay sums as agreed in their written contract. The contract is affixed to the complaint and specifically made a part thereof This contract was also the basis for the filing of the mechanic's lien upon which the plaintiff seeks to foreclose. The defendants' defense also alleges the existence of this agreement, and further alleges that the plaintiff failed to perform as agreed. "In order for the [planitiff's mechanic's] lien to be valid, the contract, which is the basis for the lien, must be enforceable. . . ." White v. Edwards, Superior Court, judicial district of New Haven at New Haven, Docket No. 437477 (June 9, 2000, Hadden, J.T.R.). If the trier of fact finds that the plaintiff's failure to perform is significant, it may be a bar to the plaintiff's recovery in this action. As such, the court will allow the defense. The CT Page 4017 plaintiff's motion to strike is denied.
Judgment may enter according,
Foley, J.