[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the trial of this case, the plaintiff seeks to recover damages from the defendant, his former landlord, which damages, he alleges, were caused by the defendant's illegally locking him out of leased commercial premises.
At a prior hearing the court found that indeed the defendant had illegally entered the premises the plaintiff leased from him and had prevented the plaintiff from entering and operating his machine tool and die business. The parties are in agreement that the "lockout" was in force for about thirty days.
The plaintiff alleges a CUTPA violation, the loss of present and future earnings and business, and property damage. The defendant has counterclaimed for unpaid rent and use of occupancy.
 I
The plaintiff presented evidence pertaining to alleged building code violations and deficiencies in the heating system for the demised premises. However, there is no count of the complaint dealing with this subject. It is also noted that the plaintiff first complained to building and code officials fourteen months after first occupying the premises and after the defendant had started a summary process action for nonpayment of rent. The court finds no basis for an award of damages on this offer and cannot find a constructive eviction as claimed in argument.
 II
The plaintiff has also alleged a loss of earnings and future business. Though the invoices offered to support part of this claim (Exhibits F G) are not complete, they are sufficient to support the plaintiff's claim for the period of the lockout and the court does find that the plaintiff suffered a loss of earnings for that period of $984 for each of the two companies to which copper washers were shipped every month.
On the J. L. Clark contract, the plaintiff testified to an annual profit of $20,000 or about $1,666.66 per month — the length of the lockout.
The court also accepts the plaintiff's testimony that he lost $5,000 during the lockout on "daily" or "one-time" work.
From these "earnings", operating expenses must be deducted so that from the total awarded of $8,634.66, a deduction of $4,050 is made, leaving the net earning figure at $4,584.66. (The plaintiff CT Page 613 testified that his overhead was $135 a day).
The court also finds the plaintiff is entitled to a loss sustained in the amount of $1,021.64 because during the lockout he was unable to receive shipments of metal at the leased premises and had to store two shipments elsewhere.
The plaintiff's claim for loss of future business, as presented, is that due to the lockout, he lost three customers because he was unable to ship to them on schedule. Two of these customers have allegedly threatened to sue the plaintiff because he caused their production lines to close down — due to his being locked out, he failed to ship parts to them.
In determining the judicial standard for awarding damages in the analogous situation of breach of contract, our Supreme Court has stated that "there is no unbending rule as to the evidence by which . . . compensation is to be determined." Fuessenich v. DiNardo,195 Conn. 144, 153 (1985), quoting Bachman v. Fortuna, 145 Conn. 191, 194
(1958) and Lee v. Harris, 85 Conn. 212, 214 (1912). Damages may be based on reasonable and probable estimates. Fuessenich, supra at 153; Kay Petroleum Corporation v. Piergrossi, 137 Conn. 620, 624
(1951). "But it is equally clear that damages must be based on evidence." Fuessenich, at 153.
The plaintiff has the burden of submitting the best evidence possible to support his claim for damages. Johnson v. Flammia,169 Conn. 491, 501 (1975). "It is incumbent upon a plaintiff in a contract action to prove his damages with all the certainty which is reasonably possible. . . ." Southern New England Contracting Co. v. State, 165 Conn. 644, 651, quoting Bartolotta v. Calvo, 112 Conn. 385,395 (1931).
Similarly, in a personal injury action where a self-employed plaintiff claimed loss of future profits, the Supreme Court noted: "The evidence. . . must be of such nature as to remove the issue from the realm of speculation. . . . It is not necessary that the amount of the loss be established with exactness so long as the evidence affords a basis for a reasonable estimate by the [trier of fact]." Delott v. Roraback, 179 Conn. 406, 411 (1980).
There was no evidence submitted as to the terms of these contracts and the prospects for them to continue. No accountant or bookkeeper testified; no company records of tax returns were offered. As to one contract, the plaintiff testified to a long standing relationship and a handful of recent invoices were placed in evidence as to the two contracts for washers. These invoices do not support the premise that the contracts produced the maximum amount claimed each and every month. Nor was the court presented with evidence to indicate the life of the contracts. CT Page 614
The plaintiff established that he probably had a valid claim for a loss of future profits, but he provided the court with insufficient evidence to substantiate an amount. On this question, the court cannot speculate and must deny recovery.
 III
The plaintiff also claimed damages for the personal property on the premises — mostly machinery and the metal tools with which they operated. Specifically, the plaintiff testified that "70% of the stuff had rust on it." However, an expert witness called by the plaintiff stated that though the plaintiff told him of rust and water damage, he didn't see any and doubts if there was any.
The court was presented with a single "block"[1] (Exhibit E), measuring about one inch by two inches, showing a deposit of rust. The plaintiff's expert made no reference to rust on any "blocks" and there is no corroboration of any kind to substantiate the claim of damaged machines and blocks.
In the face of the statement of the plaintiff's expert witness, the court is compelled to conclude that on this claim, the plaintiff has not sustained his burden of proof.
 IV
The amounts awarded the plaintiff totalling $5,606.30 are doubled and awarded as damages, pursuant to Section 47a-46. The court has already found in a prior proceeding that the defendant entered into the land of the plaintiff by force and injured the plaintiff in the manner described in Section 47a-43. Judgment may therefore enter for the plaintiff in the amount of $11,212.60 on Counts 1, 3, and 4.
 V
The defendant's actions in barring the plaintiff from the leased premises, holding his personal property until back rent was paid, all without legal process, is a flagrant CUTPA violation. Significantly, prior to actually taking this course of action on or about January 23, 1989, the defendant wrote to the plaintiff and advised him of his intention. (Exhibit H, dated December 29, 1988).
The court finds the acts of the defendant to be violations of CUTPA and as punitive damages awards $5,606.30.
The plaintiff also claims counsel fees of $9,800 under CUTPA. There were numerous motions and pleadings filed in this case and the plaintiff was obliged to resort to an extraordinary remedy and seek CT Page 615 ex parte relief to have the plaintiff restored to possession. However, the court found failures of the plaintiff's proof of damages and no trial brief was filed. Under CUTPA, the plaintiff is entitled to counsel fees but those fees must be reasonable. The court finds an award of counsel fees in the amount of $7,000 is appropriate and reasonable under the circumstances.
 VI
The defendant has counter-claimed for back rent, with counsel stipulating that the sum of $5,370.30 is due to the defendant. However, they could not agree as to whether a payment of $1,100 was made. There is a further discrepancy in the computations made by both sides. The court concludes that the defendant is entitled to recover from the plaintiff the sum of $8,408.80 on the counterclaim.
CONCLUSION
In summary, judgment may enter for the plaintiff to recover the total sum of $23,818.90 from the defendant, which, when reduced by the defendant's judgment on the counterclaim, results in a net judgment for the plaintiff of $15,410.10 plus taxable costs.
DeMAYO, JUDGE