MARY JANE LEE ET ALS. *vs.* CHARLES HARRIS ET UX.

First Judicial District, Hartford, January Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

The general rule concerning the measure of damages for breaches of contract, whether relating to real or to personal estate, is that the injured party shall have such compensation as will leave him as well off as he would have been had the contract been fully performed. In some cases the amount may properly be ascertained by fixing the value of the property in question with and without such performance; but that is not the invariable and only method. The cost of performing the omitted acts is often a proper measure of the damages.

Therefore when a vendor of real estate agreed as a part of the consideration to make certain improvements on the premises, and failed to make such improvements, evidence as to the cost of making them is admissible as a basis for assessment of damages.

All the evidence offered to prove the cost of making certain improvements to real estate, which the defendant had agreed but failed to make, was rejected because the witnesses offered were not properly qualified as experts. *Held* that it was error for the trial judge thereupon to "estimate the cost of" such improvements, and render judgment on the basis of such estimate.

Although there was evidence as to one item of unliquidated damages, which might have supported a judgment for the entire amount alleged, if the finding shows that the court based its judgment on an estimate of damages on all the items, and did not find any separate amount as to the item properly proved, a new trial must be ordered.

Argued January 4th—decided February 9th, 1912.

ACTION to recover damages for breach of contract, brought to and tried by the Court of Common Pleas in Hartford County, *Coats, J.;* facts found and judgment rendered for the plaintiffs for $350, and appeal by the defendants. *Error and new trial ordered.*

*Joseph P. Tuttle,* for the appellants (defendants).

*George O. Brott* and *George J. Stoner,* for the appellees (plaintiffs).

HALL, C. J.  The defendants, in consideration of the sum of $1,300, agreed to convey to the plaintiffs' assignors a certain tract of land in Rocky Hill, and also agreed "to provide a well, giving water, upon said premises, repair barn by making it wind and water tight, and remove a small partition in the dwelling-house, build a water-closet, and repair the foundations of the house."  This contract was assigned to the plaintiffs, who are the bona fide owners thereof.

The plaintiffs have received a deed of the premises, and have entered into possession thereof, and have on their part performed all the requirements of the agreement.  The defendants have repaired the foundations of the house, but have failed to provide a well on said land, or to remove the partition, or to make the barn wind and water tight, or to build a water-closet, as specified in the agreement.

The plaintiffs offered evidence of the cost of the digging of the well, which was received by the trial court, but the court rejected all the evidence offered regarding the cost of making the other repairs and alterations named in the contract, upon the ground that the witnesses offered were not shown to be qualified to give an opinion as to the cost of such work.  The defendants offered no evidence.

Paragraph twenty-two of the finding is as follows: "The court, from the evidence, estimated the cost of finishing the repairs and alterations agreed upon, and digging or otherwise providing a well giving water on the premises, at $350, assessed plaintiffs' damages at that sum, and rendered judgment as on file." The judgment rendered was for $350.

The defendants complain that the court erred: first, in not holding that the measure of damages was the difference in value between the property with the well and without the well, concerning which difference no evidence was offered; and second, in including in the judgment the cost of the repairs and alterations, concerning the cost of which no evidence was received by the court.

The first claim is not tenable. The general rule regarding breaches of contract, whether relating to real or personal estate, is that the injured party shall recover that compensation which will leave him as well off as he would have been had the contract been fully performed. *Kidd* v. *McCormick*, 83 N. Y. 391. There is no unbending rule as to the evidence by which such compensation is to be determined. In some cases the sum which will furnish such compensation may properly be ascertained by evidence of the difference in the value of the property, upon which structures are to be placed or repairs are to be made, with and without such repairs or structures. But "the object of the parties ought to be attained as nearly as possible; and that is, that the specific act agreed to be done should be performed. If the party omits to do what he stipulated, it is just, as a reasonable substitute, that he should pay the precise value of the thing which he contracted to do; and such value to be estimated at the time when the act in question should have been executed." *Wells* v. *Abernethy*, 5 Conn. 222, 227. Such value may often

properly be shown by proof of what it would cost to perform the omitted acts.

Regarding the second point, there was evidence which entitled the plaintiffs to recover substantial damages for the failure of the defendants to dig the well. From the testimony which has been certified to this court, it appears that the trial court might have assessed such damages at any sum from $200 to the full amount of the judgment, $350, and that the court erroneously included in the judgment the cost of repairs and alterations as to which there was no evidence.

The court has not stated the sum which it allowed for such repairs and alterations, and we are therefore unable to determine what sum the court allowed the plaintiffs for the defendants' failure to dig the well, or what sum should be deducted from the amount of the judgment rendered in order to make it a legal judgment of the trial court. We regret that we are therefore compelled to grant a new trial.

There is error and a new trial is ordered.

In this opinion the other judges concurred.