S. K. BACHMAN ET AL. *v.* JOHN FORTUNA ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued March 5—decided March 25, 1958

*Philip H. Smith,* with whom was *Bruce Dilling-ham,* for the appellants (plaintiffs).

*George Koenig,* for the appellee (named defendant).

MURPHY, J. This action was instituted by seven plaintiffs, as joint and several promisees, upon an alleged promise of the defendants to prepare and improve a street upon which the plaintiffs had purchased building lots. Five of the plaintiffs withdrew, and the two remaining plaintiffs, Bachman and Sweetser, proceeded to trial upon an amended complaint. The trial court rendered judgment in favor of these plaintiffs, hereinafter referred to as the plaintiffs, to recover nominal damages from the defendant John Fortuna only. The plaintiffs have appealed.

Briefly stated, the facts are as follows: The plaintiffs bought building lots from John Fortuna, hereinafter called the defendant, upon an undeveloped

street in a residential building development owned and promoted by him. As part of the consideration for the purchase of the lots, the defendant agreed to put the street in condition for acceptance by the town of Westport. The trial court found that he failed to do as he had agreed, and the defendant has not challenged this finding. The trial was complicated by the proof of facts to the effect that other lot owners in the development, who had a direct interest in the performance of the defendant's promise to the plaintiffs but who could not establish a like promise to themselves, joined with the plaintiffs in raising funds to improve part of the street, and that the plaintiffs, in addition to advancing some funds of their own, obligated themselves by borrowing money from another interested person in order to pay for putting the street into a condition acceptable to the town, as the defendant had agreed to do. The loans to the plaintiffs were to be repaid only if they recovered from the defendant. The cost of putting the street into an acceptable condition was $3950, but the trial court did not find that this was the reasonable cost of doing the work. No evidence was offered to show the depreciated value of the plaintiffs' properties by reason of the defendant's breach. The trial court held that the plaintiffs were entitled to recover as damages the difference between the value of their properties with performance of the defendant's agreement and the value without performance; but as no evidence on this difference had been offered, the court awarded only nominal damages of $50 to each plaintiff.

The court was in error in holding that proof of the plaintiffs' damages could only be shown by the value rule. It followed the rule laid down in *Coughlin* v. *Blair*, 41 Cal. 2d 587, 600, 262 P.2d 305, which

held that the damages are to be measured by the value rule when the improvements are to be made upon another's property, though the reasonable cost rule applies where the improvements are to be made on one's own property. We see no reason for any such artificial distinction. Our rule is stated in *Lee* v. *Harris,* 85 Conn. 212, 214, 82 A. 186, in which we said: "The general rule regarding breaches of contract, whether relating to real or personal estate, is that the injured party shall recover that compensation which will leave him as well off as he would have been had the contract been fully performed. . . . There is no unbending rule as to the evidence by which such compensation is to be determined. In some cases the sum which will furnish such compensation may properly be ascertained by evidence of the difference in the value of the property, upon which structures are to be placed or repairs are to be made, with and without such repairs or structures. But 'the object of the parties ought to be attained as nearly as possible; and that is, that the specific act agreed to be done should be performed. If the party omits to do what he stipulated, it is just, as a reasonable substitute, that he should pay the precise value of the thing which he contracted to do; and such value to be estimated at the time when the act in question should have been executed.' *Wells* v. *Abernethy,* 5 Conn. 222, 227. Such value may often properly be shown by proof of what it would cost to perform the omitted acts." The general intention of the law giving damages in an action for the breach of a contract is to put the injured party, so far as it can be done by money, in the same position as he would have been in if the contract had been performed. *Belisle* v. *Berkshire Ice Co.,* 98 Conn. 689, 700, 120 A. 599.

The trial court was apparently misled to some extent by the fact that the plaintiffs were not suing in a representative capacity under General Statutes § 7827. They properly joined in this action. General Statutes §§ 7823, 7824; *Hurd* v. *Hotchkiss,* 72 Conn. 472, 478, 45 A. 11; *Fairfield Lumber & Supply Co.* v. *Herman,* 139 Conn. 141, 143, 90 A.2d 884; see *Fairfield* v. *Southport National Bank,* 77 Conn. 423, 430, 59 A. 513. It is true that the defendant was only obligated to put the street into an acceptable condition, and since that had been done by others, he would be liable only for the damage caused by his failure to do it. The plaintiffs are entitled to recover the reasonable cost of putting the roadway in the condition required for its acceptance as a public road by the town. That they must pay over to others any part of the amount they are entitled to recover is of no help to the defendant in his effort to avoid paying what he should pay because of his failure to perform the agreement he made with the plaintiffs. No claim was made by the defendant in his answer that payment was made in his behalf. 6 Williston, Contracts (Rev. Ed.) p. 5223; see *Dickerson* v. *Connecticut Co.,* 98 Conn. 87, 93, 118 A. 518; 15 Am. Jur. 619, § 202.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiffs to recover such damages of the defendant John Fortuna as they may prove on a new trial limited to the issue of damages.

In this opinion the other judges concurred.