JAMES SABO *v.* ALFRED M. STROLIS ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and BORDON, Js.

Argued June 7—decided June 27, 1961

*George J. Finn,* for the appellants (defendants).

*Cleaveland J. Rice, Jr.,* with whom, on the brief, was *Charles M. Lyman,* for the appellee (plaintiff).

BORDON, J.  On April 12, 1951, the plaintiff and the defendant Alfred M. Strolis entered into a contract whereby Alfred agreed to construct a house for the plaintiff for $14,000 and to complete it by March 1, 1952.  The date of completion was extended by the plaintiff until March 31, 1952.  On April 1, 1952, the house not being completed, Alfred left the job at the plaintiff's request and the parties agreed, with the assistance of an arbitrator selected by both parties, to engage another contractor to complete the work.  The cost of completion was $3722, which sum, when added to the $11,105 paid Alfred while he was on the job, resulted in the expenditure of $827 in excess of the contract price.  The court found the issues for the plaintiff and rendered judgment for him to recover damages of $3722.  The defendants have appealed from the judgment. Josephine Strolis was named as a defendant under the second count of the complaint as obligor on a per-

formance bond in the sum of $5000 guaranteeing compliance with the contract by Alfred, but the finding does not support a judgment against her.

According to the finding, which is not subject to correction, the judgment should have been for $827 instead of $3722, as erroneously entered by the court. The three assignments of error raise only one issue, namely, whether an obviously erroneous judgment can be corrected to conform to the finding of the trial court.

Alfred defaulted in the performance of his contract and is liable in damages to the plaintiff. The latter is entitled to recover that compensation which will leave him as well off as he would have been had there been full performance. *Leventhal* v. *Stratford,* 121 Conn. 290, 299, 184 A. 587; *Frederick Raff Co.* v. *Murphy,* 110 Conn. 234, 242, 147 A. 709; *Lee* v. *Harris,* 85 Conn. 212, 214, 82 A. 186. The plaintiff takes the untenable position that the judgment, as entered, should stand, even though it exceeds the proven damages and is in excess of the amount found by the court. Under the finding, the judgment should have been for $827 with interest from the date of Alfred's breach, that is, April 1, 1952. General Statutes § 37-3; *Belisle* v. *Berkshire Ice Co.,* 98 Conn. 689, 695, 120 A. 599; *Loomis* v. *Norman Printers Supply Co.,* 81 Conn. 343, 350, 71 A. 358.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff against the defendant Alfred Strolis only for $827 with interest at 6 per cent per annum from April 1, 1952.

In this opinion the other judges concurred.