In March, 1966, the plaintiff, a general contractor, agreed with the owners of a certain lot to construct a house, including a bell fireplace, for the sum of $36,700. The work was to be completed on or before July 10, 1966, and the plaintiff was to receive payments at certain stages of construction. In June, 1966, the plaintiff orally agreed with the defendants, mason contractors, to pay the sum of $3500 for the construction of brick veneer on the house and an inside bell fireplace. The defendants commenced their work during the latter part of July, 1966, and on August 20, 1966, the plaintiff paid to the defendants the sum of $1900. Because the owners were dissatisfied with the construction of the fireplace, the defendants rebuilt it. Shortly after completion of the brick work, portions of the brick veneer at the front of the house and garage began to fall because of defective workmanship, and the plaintiff brought that fact to the attention of *Page 660 
the defendants. After repeated requests were ignored by the defendants, the plaintiff engaged another mason contractor who repaired the defective brick veneer construction to the satisfaction of the plaintiff. On September 17, 1966, the plaintiff paid that contractor the sum of $1553. The evidence discloses that no other work was ever done to either the brick veneer or the bell fireplace.
In November, 1966, the plaintiff closed his transaction with the owners. He testified that at the closing he gave a credit of $1000 to the owners because they were concerned that the remaining brick veneer might be defective, although there was no testimony of any such defect. The plaintiff further testified that he gave a credit of $875 to the owners because they were dissatisfied with the bell fireplace inasmuch as the joints were uneven. With regard to that claim there was no evidence to indicate that expenses were incurred or might be incurred to remedy any defect, nor was there any evidence that the value of the fireplace was reduced. As a matter of fact, the court found that the second installation of the fireplace had a value of $875 to the plaintiff. While the finding of the court indicates that the veneer work was of no value to the plaintiff, the transcript reveals that the repair of the brick veneer work was entirely satisfactory to the plaintiff. The court further found that the plaintiff incurred interest charges of $120 as a result of the failure to receive progress payments from the owners due to the delay in construction caused by the defective masonry work of the defendants. Lastly, the plaintiff was required to pay the sum of $169 to remove the debris caused by the fallen brick.
The trial court awarded damages totaling $4742. Neither counsel was able to explain to this court how that total was arrived at. After many calculations, *Page 661 
it appears to us that the court allowed the following sums to the plaintiff: $1553 incurred for repair of the brick veneer work, $1000 which the plaintiff allowed to the owners because of their fear of defects in the remaining veneer work, $875 which the plaintiff allowed to the owners because of their dissatisfaction with the bell fireplace, $1900 paid to the defendants on August 20, 1966, $169 for removal of debris, and $120 for interest in borrowing money. From the total of $5617 the court credited $875 to the defendants because it found that the bell fireplace had a value of $875 to the plaintiff.
"In an action for breach of contract, the general rule is that the award of damages is designed to place the injured party, so far as it can be done by money, in the same position as he would have been in had the contract been performed." Gordon v. Indusco Management Corporation, 164 Conn. 262, 272; Bachman v. Fortuna, 145 Conn. 191, 194. Damages must be based on evidence. "In the ordinary contract action the court determines the just damages from evidence offered." Norwalk Door Closer Co. v. Eagle Lock 
Screw Co., 153 Conn. 681, 689. It is a necessary element in the plaintiff's case to prove that the negligence of the defendants was a substantial factor in causing his damages. Johnson v. Flammia,169 Conn. 491, 498.
The record and the transcript are barren of any evidence to support an award of $1000 for an allowance by the plaintiff to the owners because of their fear of defects in the remaining veneer work. Nor is there any evidence to support an award of $875 to the plaintiff because of his allowance to the owners as a result of their dissatisfaction with the bell fireplace. That award is contrary to the finding that the installation had a value to the plaintiff of $875. It is inconceivable that the trial court could award *Page 662 
$1900 to the plaintiff on the ground that the veneer work was of no value to the plaintiff since the transcript reveals that the brick veneer work was satisfactory to the plaintiff after the repair work was completed. In fact, the payments of $1900 to the defendants and $1553 to the second contractor for the repair work were less than the original contract price of $3500. Although there was conflicting evidence as to the cost of removing the debris and the cost of the loan necessitated by the defective work of the defendants, the awards of $169 and $120 respectively are supported sufficiently by the testimony and cannot be disturbed. Therefore the amount of the judgment awarded to the plaintiff should be reduced by the sum of $4453.
 There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover $289.
In this opinion SPEZIALE and D. SHEA, Js., concurred.