[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action claiming damages resulting from defendants breach of a contract providing for the construction of a foundation. The defendant has counterclaimed based on an alleged breach of contract by the plaintiff.
Based on a fair preponderance of the evidence admitted at trial, the court finds that the following material facts were proven;
On July 18, 1988, the plaintiff was the owner of real estate located at 16 Grieb Trail, Wallingford, Connecticut. Plaintiff's house was built on piles with no cellar or foundation. Because the piles needed replacement, the plaintiff decided to have a full cellar and foundation placed under the existing house.
As the result of negotiations, between the plaintiff and the defendant concerning the building of a foundation and other CT Page 10032 work, on July 18, 1988 the parties executed an agreement by the terms of which the defendant was to perform the work for the sum of $6,880.00. Upon executing the agreement, the plaintiff paid the defendant the sum of $2,293.00.
The defendant began installing the foundation. On or about August 4, 1988, the plaintiff became concerned about the way in which the defendant was constructing the foundation. The plaintiff requested the Building Department of the Town of Wallingford to perform an inspection. The plaintiff was advised that, because no building permit had been obtained, there could be no inspection.
On August 5, 1988, the plaintiff, accompanied by Herman Sachse, President of the defendant, went to the Building Department, applied for, and obtained a building permit. At that time, the defendant requested an additional deposit of $2,293.00 before he would agree to take out the building permit. The plaintiff paid the additional deposit by check, on which she stopped payment because of violations of building codes. At the time the permit was taken out, the footings and the greater part of the cinder block foundation had already been built by the defendant.
On August 8 1988, a representative of the Wallingford Building Department inspected the foundation work and advised the plaintiff that the foundation violated the State Building Code. The plaintiff met with defendant's representative, Herman Sachse, and requested that he correct the violations. Mr. Sachse refused to correct the work unless plaintiff paid the second installment of $2,293.33. The plaintiff, by her attorney, advised the defendant that she was terminating the agreement and would have the work performed by others.
The plaintiff hired other individuals to correct and complete the work which the defendant had agreed to perform at substantial additional cost. The work which defendant had performed in an unworkmanlike manner had no value.
The plaintiff incurred the following expenses which were reasonably necessary to correct and complete the work which defendant had agreed but failed to perform:
1. New Foundation (Jack Pickering) . . . . . . $9,349.00
 2. Hook-up of plumbing for furnace and materials . . . . . . . . . . . . . 1,042.00
 3. Installation of basement stairs and lolly columns . . . . . . . . . . . 2,000.00 CT Page 10033
 4. Engineering services of Murray Brenner . . . 300.00 $12,691.00
In addition, the plaintiff paid the first installment of $2,293.00 under the contract with the defendant for which plaintiff received work of no value. The rental payment claimed as an item of damage was not sufficiently connected to the breach.
The foundation which was erected by the defendant violated the State Building Codes and failed to meet workmanlike standards. Upon being advised that the foundation was in violation of the State Building Code, the defendant refused to correct the situation unless he received the second installment under the contract. The plaintiff's refusal to pay the second installment was reasonable.
The defendant's obligation at that point was to correct the work in order to bring the existing foundation work up to code without requiring any further payment until the correction was completed. Since the work which was done after receipt of the initial deposit was not correctly completed, no additional payment was due until the work had been corrected.
The blocks utilized by the defendant were cracked and contained large holes in their sides, clearly indicating that the blocks utilized were in fact not Class 1 block.
Accordingly, based on the evidence and reasonable inferences, the plaintiff established by a fair preponderance of the evidence that the defendant breached the contract by failing to install the foundation according to code, installing the block in an unworkmanlike manner and failing to correct the improper work. The plaintiff's termination of the contract with the defendant was justified due to the defendant's breach.
The plaintiff received no value from the work done by the defendant. The foundation installed by the defendant had to be removed and rebuilt in accordance with the building code.
Based on the evidence presented, the defendant is not entitled to recover under its Counterclaim because of the failure to construct in accordance with the Code, the unworkmanlike manner in which the work was performed and the failure to correct the defective work.
Accordingly, the defendant failed to establish by a fair preponderance of the evidence that the plaintiff breached the contract, thereby entitling the defendant to damages. CT Page 10034
The plaintiff is entitled to damages resulting from the defendant's breach. The general rule of damages in a breach of contract for construction is to award the injured party compensation that would make him as well off as if there had been full performance. Sabo v. Strolis 148 Conn. 504 (1961). The damages established in this case consist of the expense incurred by the plaintiff to complete the original contract less the amount which the plaintiff would have paid the defendant had the contract been performed. The plaintiff may recover the sum of $12,691.00 less the balance remaining on the contract price for a total of $8,104.00. In addition, the plaintiff is entitled to statutory interest at the rate of 10% per annum from October 17, 1988 when the work was completed to the date of this judgment.
Accordingly, judgment may enter on the complaint in favor of the plaintiff in the amount of $8,104.00 plus statutory interest from October 17, 1988, and on the counterclaim.
Schaller, J.