[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was returned to court on May 12, 1992. Plaintiffs' complaint is predicated upon an alleged breach of construction contract involving plaintiffs' dwelling. The defendant agreed to construct a 6-foot x 17-inch covered front porch to be affixed to plaintiffs' dwelling. The contract provided for the floor of the porch to be a 4-inch concrete slab with frost walls 3-feet, 6-inches in depth. (Exh. B). The parties subsequently agreed to increase or continue the slab and frost wall approximately 23-feet, 6-inches across the front of the house. (Exh. C). The agreed upon cost of the project (Exhs. B, C and 7) was $9,239.40.
The work was completed by defendant in accordance with the written contract and its amendments. Certain cracks appeared almost immediately in the surface of the slab; the plaintiff also expressed dissatisfaction with the slab surface inasmuch as it was finished smooth rather than rough as would have been preferable as a base for a brick application contemplated by the contract. During the course of construction, the subcontractors damaged the driveway and entrance walk. The damage to the walk was resolved satisfactorily. Repairs were made to the driveway but were unsatisfactory. Discussion between the parties failed to resolve the dispute over the surface of the slab or the cracks therein. After a short time, the plaintiffs also asserted a claim that defendant had improperly located a supporting roof post within the sight line of the front door. Defendant could not resolve this claim.
The complaint contends that the work performed by defendant or CT Page 11260 his agents was of poor quality in that the concrete porch is cracking and crumbling and is structurally unsound and esthetically inferior and defective.
Both parties presented evidence as to the cost to repair the deficiencies as they perceived them. The plaintiffs' estimate totalled $23,595 whereas defendant offered testimony that satisfactory repairs would not exceed $3,000. The plaintiffs' estimate involved the construction of an entirely new concrete porch, extension of the roof, reconstruction of the driveway and extensive landscaping. Both parties agreed the court could view the premises in their company in order to better understand the contractor's testimony.
The plaintiffs' evidence failed to satisfy the requirements of the legal principles applicable to a breach of contract. KevinRoche-John Dinkeloo Associates v. New Haven, 205 Conn. 741,749 (1988).
 `As a general rule, in awarding damages upon a breach of contract, the prevailing party is entitled to compensation which will place him in the same position he would have been in had the contract been properly performed. Bertozzi v. McCarthy, 164 Conn. 463, 468, 323 A.2d 553 [1973]; Sabo v. Strolis, 148 Conn. 504, 506, 172 A.2d 609 [1961]. Such damages are measured as of the date of the breach. Bachman v. Fortuna, 145 Conn. 191, 194, 141 A.2d 477 [1958]; Lee v. Harris, 85 Conn. 212, 214, 82 A. 186 [1912]; 22 Am.Jur.2d, Damages § 52. For a breach of a construction contract involving defective or unfinished construction, damages are measured by computing either "(i) the reasonable cost of construction and completion in accordance with the contract, if this is possible and does not involve unreasonable economic waste; or (ii) the difference between the value that the product contracted for would have had and the value of the performance that has been received by the plaintiff, if construction and completion in accordance with the contract would involve unreasonable economic waste." Restatement, 1 Contracts § 346(1)(a), p. 573; see annot. 76 A.L.R.2d 805, 812 § 4.' Levesque v. D M Builders Inc., 170 Conn. 177, 180-81, 365 A.2d 1216
(1976); see also 41 A.L.R.4th 131.
The court finds that reconstruction of the driveway, the porch floor and the extension of the roof would involve unreasonable economic waste since plaintiff presented no credible evidence that CT Page 11261 the construction failed to conform to the parties' contract or was structurally unsound. The cracks in the concrete require repair work. They result in part from normal shrinkage but mainly from the subcontractor's failure to provide for expansion joints. The damage is amenable to normal repair work such as chiseling, widening the cracks and refilling them. Furthermore, there is no reason why the plaintiff cannot install the contemplated brick surface over the repaired surface. The location of the supporting post for the roof in the vicinity of the door conforms to the parties' agreement and is in no way defective. There is little disagreement between the parties that the initial repairs to the driveway resulting from the failure of the subcontractor to protect it from the weight of the concrete brick are not satisfactory. Reasonable repairs can be effected within the range of defendant's estimate.
Accordingly, judgment may enter for the plaintiffs against the defendant in the amount of $3,000 plus statutory interest from April 24, 1992 to November 3, 1994 plus costs.
Dorsey, J. State Trial Referee