[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Introduction
On December 14, 2000, the J.S. Nasin Company, Inc. ("Nasin") brought an application to confirm in part and vacate in part an arbitration award regarding a dispute between the parties concerning sums due under a contract between the Town of Columbia ("the Town") and Nasin for renovations to the Horace W. Porter School. In its award, the arbitrators awarded Nasin $841,325.08 on its claims and $673,169.00 to the Town on its counterclaim.
Nasin claims that the portion of the award finding damages to the Town violates General Statutes § 52-418 (a) and should be vacated because: a) the panel exceeded its powers by granting relief beyond the scope of the restricted submission; b) the panel exceeded its powers and so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made; and c) the panel's calculation of the Town's damages directly contravenes Connecticut law.
On December 15, 2000, the Town brought an application to vacate or modify or correct the arbitration award. The Town claims that the CT Page 3759 arbitrators exceeded their powers or so imperfectly executed them, such that a mutual, final and definite award upon the subject matter submitted was not made and the arbitrators made an evident and material miscalculation in the award of interest. The Town requests that the award be vacated to the extent that it awards Nasin the unpaid balance on the contract of $316,944.02, plus interest of $126,778, plus the sum of $64,851.96 for nonapproved change orders, and damages for constructive acceleration and disruption of $332,751. The Town also requests that the award be vacated insofar that it failed to award prejudgment interest on the $673,169 awarded to the Town or, in the alternative, that the award be modified or corrected to add interest in the amount of $269,268.
Briefs were submitted by both parties and oral argument was heard by the court on December 10, 2001.
Standard of Review
Each party seeks relief pursuant to General Statutes § 52-418. That statute provides: "(a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
In addition, the Town seeks relief pursuant to General Statutes §52-419. That statute provides: "(a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated, or, when the court is not in session, any judge thereof, shall make an order modifying or correcting the award if it finds any of the following defects: (1) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter of form not affecting the merits of the controversy. (b) The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties."
As the Court stated in Stratford v. Intl. Assn. of Firefighters,248 Conn. 108, 114-116 (1999): "Judicial review of arbitral decisions is CT Page 3760 narrowly confined. `When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. American Universal Ins. Co. v. DelGreco,205 Conn. 178, 185, 530 A.2d 171 (1987). When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission.Hartford v. Board of Mediation Arbitration, 211 Conn. 7, 14,557 A.2d 1236 (1989); New Haven v. AFSCME, Council 15, Local 530,208 Conn. 411, 415-16, 544 A.2d 186 (1988). Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution.Middletown v. Police Local. No. 1361, 187 Conn. 228, 230, 445 A.2d 322
(1982); State v. Connecticut Employees Union Independent, 184 Conn. 578,579, 440 A.2d 229 (1981).' Garrity v. McCaskey, 223 Conn. 1, 4-5,612 A.2d 742 (1992). `Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved.' (Internal quotation marks omitted.) Caldor, Inc. v.Thornton, 191 Conn. 336, 340-41, 464 A.2d 785 (1983), aff'd, 472 U.S. 703,105 S.Ct. 2914, 86 L.Ed.2d 557 (1985). One of the principal reasons for this deference is that the scope of our review is expressly limited by § 52-418; Metropolitan District Commission v. AFSCME, Council 4,Local 184, 237 Conn. 114, 118, 676 A.2d 825 (1996); and, sometimes, by the terms of the parties' agreement. Garrity v. McCaskey, supra,223 Conn. 5 (`[t]he authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review'). We have stated on numerous occasions that arbitration is a creature of contract. See, e.g., AmericanUniversal Ins. Co. v. DelGreco, 205 Conn. 178, 185, 530 A.2d 171 (1987);OG/O'Connell Joint Venture v. Chase Family Ltd. Partnership No. 3,203 Conn. 133, 145, 523 A.2d 1271 (1987); Board of Education v. AFSCME,Council 4, Local 287, 195 Conn. 266, 269, 487 A.2d 553 (1985). Therefore, it is the arbitrator's judgment that was bargained for and contracted for by the parties, and we do not substitute our own judgment merely because our interpretation of the agreement or contract at issue might differ from that of the arbitrator. These well established principles governing consensual arbitration are subject to certain exceptions. `Even in the case of an unrestricted submission, we have, however, recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute; Caldor, Inc. v. Thornton,
CT Page 3761 [supra, 191 Conn. 344]; (2) the award violates clear public policy;Watertown Police Union Local 541 v. Watertown, 210 Conn. 333, 339,555 A.2d 406 (1989); or (3) the award contravenes one or more of the statutory proscriptions of § 52-418. Carroll v. Aetna Casualty Surety Co., [189 Conn. 16, 22-23, 453 A.2d 1158 (1983)].' Garrity v.McCaskey, supra, 223 Conn. 6."
Neither party claims that the award does not conform to the submission. In fact, the contract provides that "[a]ny controversy or Claim arising out of or related to the Contract, or breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association." Nor do they claim that the award rules on the constitutionality of a statute or violates public policy. Both parties base their claims instead on the principles enunciated by the court in Garrity v. McCaskey, 223 Conn. 1, 8-10
(1992), in which the court recognized that a manifest error of law by the arbitrators is encompassed within the permissible grounds for vacating an award set forth in § 52-418 (a)(4). The court noted that "[t]he principle that an award may be vacated because of a `manifest disregard of the law' was first articulated by the United States Supreme Court, in dictum, in Wilko v. Swan, 346 U.S. 427, 436-37, 74 S.Ct. 182,98 L.Ed. 168 (1953): `In unrestricted submissions . . . the interpretations of the law by the arbitrators in contrast to manifest disregard are not subject, in the federal courts, to judicial review for error in interpretation.' (Emphasis added.) Although the federal courts have interpreted their arbitration statute to permit this judicially created ground for vacating the award, they have carefully delineated the extraordinarily narrow scope of such a review. The test was applied to reject an aggrieved party's invitation to review and vacate an arbitration award in Merrill Lynch, Pierce, Fenner Smith, Inc. v.Bobker, 808 F.2d 930 (2d Cir. 1986), where the court held that `manifest disregard of the law' `clearly means more than error or misunderstanding with respect to the law . . . The error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover, the term `disregard' implies that the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it . . . Judicial inquiry under the `manifest disregard' standard is therefore extremely limited. The governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable. We are not at liberty to set aside an arbitration panel's award because of an arguable difference regarding the meaning or applicability of laws urged upon it.' Id., 933-34 We emphasize, however, that the `manifest disregard of the law' ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal CT Page 3762 principles."
"The test consists of the following three elements, all of which must be satisfied in order for a court to vacate an arbitration award on the ground that the arbitration panel manifestly disregarded the law: (1) the error was obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator; (2) the arbitration panel appreciated the existence of a clearly governing legal principle but decided to ignore it; and (3) the governing law alleged to have been ignored by the arbitration panel is well defined, explicit, and clearly applicable." Saturn Construction Co. v. Premier Roofing Co.,238 Conn. 293, 305 (1996). This does not mean that a simple misapplication of the law by the arbitrator is sufficient to support a court's rejection of an arbitrator's award.
In evaluating the parties' claims it is important to remember this limited scope of the court's review. The court does not review the evidence or the arbitrators' decision on the legal issues involved.Stratford v. Intl. Assn. of Firefighter, 248 Conn. 108, 115 (1999). The purpose of court review is not to provide the parties with an opportunity to relitigate the same issues presented to the arbitrators. Here there were thirty days of hearings over a year and a half by the arbitrators as well as the submission of extensive briefs by both sides and the complete record of those proceedings is not before the court. The award of the arbitrators is a page and a half with no explanation as to how their decision was reached. Therefore the court's review is severely limited, as the law requires.
The Town's Application
The Town claims that there are at least five manifest errors in the arbitration award. First, the Town claims that the award concludes that Nasin did not complete its contractual obligations yet awards Nasin the balance due on the contract. Second, that the award grants Nasin interest on the contract balance even though it was not due to Nasin because Nasin did not complete the work. Third, the award gives Nasin damages for "non-approved" change orders in direct contradiction to the architect's decision which the parties agreed would be binding. Fourth, the award provides Nasin with damages for constructive acceleration and disruption, notwithstanding the failure of Nasin to submit any such claim to the architect as required by the Contract. Fifth, the award fails to provide for prejudgment interest on damages the Town suffered as a result of Nasin's breaches.
As to the Town's first claim, the Award states: "The Panel awards J.S. Nasin the unpaid balance on the Contract in the amount of $316,944.12, CT Page 3763 plus interest of $126,778.00." The Town argues that this finding is logically inconsistent with the finding that Nasin failed to perform. The finding of the arbitration panel that the Town refers to in support of its position that the panel found that Nasin did not perform its duties under the contract states: "As to the Town of Colombia's counterclaim the Panel awards the Town of Columbia damages for money expended and to be expended for remedial electric work, punch list completion and excessive heating and maintenance costs occasioned by J.S. Nasin and their electrical contractor's defective workmanship in the amount of $673,169.00." The Town claims that at most the unpaid balance on the contract was to be applied as a credit against the damages caused by Nasin's defective work.
The Town's claim must fail because there is nothing in the award which indicates that the arbitrators found that Nasin had not substantially performed its obligations under the contract and therefore was not due the balance on the contract. "`The determination of [w]hether a building contract has been substantially performed is ordinarily a question of fact for the trier of fact.' Miller v. Bourgoin, 28 Conn. App. 491, 496,613 A.2d 292, cert denied, 223 Conn. 927, 614 A.2d 825 (1992)." PisaniConstruction, Inc. v. Krueger, 68 Conn. App. 361, 364 (2002). Nor is there anything in the award which indicates that the amounts awarded to the Town for remedial electric work, punch list completion and excessive heating and maintenance costs occasioned by Nasin and its electrical contractor's defective work were occasioned solely by a breach of the contract by Nasin. In any event, contrary to the Town's claim, the award of damages to the Town was properly calculated. The arbitration award does credit the amounts owed Nasin on the contract against the amounts awarded to the Town. The award concludes that the Town shall pay Nasin $168,156.08 which is calculated by crediting the amounts owed to Nasin under the contract, $316,944.12; plus interest of $126,778.00; plus non-approved change orders of $64,851.96; plus damages to Nasin for acceleration and disruption of $332,751.00; for a total owed to Nasin by the Town of $841,315.08; against the award to the Town of $673,169.00. This leaves the Town owing Nasin $168,156.08, as the award finds. This would have been the same result if the arbitrators had simply applied the contract balance plus interest as a credit against the sums due the Town rather than making a separate award to Nasin. "`[W]hen an owner receives a defective or incomplete building, any part of the price that is as yet unpaid is deducted from the cost of completion that is awarded to him. . . .' 5A. Corbin, supra; see Sabo v. Strolis,148 Conn. 504, 506, 172 A.2d 609 (1961) (limiting owner's damages for builder's breach by default in performance to cost of completion less outstanding balance of contract price)." (Footnote omitted). Argentinis v. Gould, 219 Conn. 151,158 (1991). Thus the fact that the arbitrators may have used a different CT Page 3764 manner of calculating damages while reaching the same result does not constitute a manifest disregard of the law.
The Town also claims that the award should be vacated because it awards Nasin interest on the unpaid contract balance. Since the Town's argument is premised on the argument that the moneys never became due to Nasin on the contract because it was never fully performed, this argument must fail as well since the arbitrators never made such a finding. General Statutes § 37-3a specifically permits the allowance of interest in arbitration proceedings.
The Town also argues that the panel improperly awarded interest on the funds held in escrow by Nasin's attorney. There is no indication in the award that these funds were, in fact, already turned over to Nasin itself such as to constitute payment to Nasin.
The Town next claims that it is entitled to interest on the amount of $356,224.88 which it describes as the amount that Nasin was overpaid for defective work. Once again the Town's argument is unpersuasive. The arbitrators never found that Nasin had breached the contract or that Nasin had been overpaid for defective work. Thus the arbitrators were not required to award interest on such a claim. In any event, the award of any interest is within the discretion of the trier of fact. State v.Stengel, 192 Conn. 484, 487 (1984); Foley v. Huntington Company,42 Conn. App. 712, 738 (1996).
The Town's fourth claim is that the award of $64,851.96 for non-approved change orders is contrary to law because the panel never found that the architect's failure to approve them was fraudulent or made in bad faith. The Town conceded that $23,770.79 was due on change orders but disputes the rest as having not been approved by the architect. The Town argues that since the contract provided that the architect's decision was binding, the arbitration panel had no authority to substitute its judgment as to the approval of change orders unless it found that the architect's decision was fraudulent or in bad faith. The Town cannot succeed on this argument for two reasons. First, the arbitration panel did not find that the contract provided that the architect's decision regarding change orders would be final and binding. In fact, on a page of the hearing transcript submitted to the court by the Town in support of this claim (Town's brief in Support of Application, Ex. D, p. 4108) reference is made to language in an agreement apparently between the parties that disputes concerning change orders "will be subject to contractual dispute resolution procedures and pending arbitration."Second, even if we assume that the contract so provided, there is also nothing before the court which would indicate that the panel did not have an appropriate basis to determine that certain change CT Page 3765 orders which were not approved by the architect should have been because the architect's decision, or lack of decision, was the result of fraud or bad faith.
The Town's last claim is that the arbitration panel was without jurisdiction to award Nasin damages for constructive acceleration and disruption because Nasin failed to submit these claims to the architect as required by the contract. Once again the determination of this claim involves factual issues which were reserved to the arbitration panel. Those are, did the contract provide that such claims must be first submitted to the architect, and, were they; and if they were not, did the contract preclude arbitration of those claims. It is not the role of the court to review those factual determinations by the panel. The decision in Cecio Bros., Inc. v. Town of Greenwich, 156 Conn. 561 (1968) cited by the Town is clearly distinguishable since the plaintiff's claim there was one of unjust enrichment which the court determined by balancing the equities, rather than by applying the provisions of a contract. In addition, the arbitrators' award here indicates that the determination of these damages was based on the architect's and the Town's "failure to fulfill their obligations under the terms of the General Contract requiring them to respond to and/or approve requests for contract payments, time extensions and change orders in a timely manner." Thus the panel may have found that because of the architect's and the Town's breach of the contract, prior submission of these claims to the architect was excused. This rationale could have as readily been applied to the architect's actions regarding change orders as well.
None of the Town's claims meet the test of a manifest error of law as set by the Court in Garrity. Therefore the Town's application to vacate or modify or correct the arbitration award is denied.
Nasin's Application
As to Nasin's application to confirm the arbitration award in part and vacate it in part' Nasin claims that the panel improperly awarded the Town damages for money to be expended for remedial electrical work. The panel awarded the Town $673,169 for "money expended and to be expended for remedial electric work, punch list completion and excessive heating and maintenance costs occasioned by J.S. Nasin and their electrical contractor's defective workmanship." Nasin claims that the Town did not present sufficient evidence to the arbitrators on which they could have properly calculated this figure. However the amount and calculation of damages is a factual determination not subject to review by the court.
Nasin also claims that the panel should have measured any damages suffered by the Town based on the diminution in value of the property CT Page 3766 rather than on the cost of repairs. Nasin claims that the Town had the burden to present evidence of both the completion cost and diminished value of the property before the panel could properly calculate damages. However in Willow Springs Condo. Ass'n, Inc. v. Seventh BRT DevelopmentCorp., 245 Conn. 1, 59-60 (1998) the Court stated, "`The permissive language of Whitman Hotel [Corp] clearly leaves the selection of the repair measure in the trial court's discretion . . .' The cost of repairs, therefore, is a proxy for diminution in value caused by damage to property. Because these are, in effect, alternative measures of damages, the plaintiff need not introduce evidence of both diminution in value and cost of repairs." (Footnotes omitted). In any event, Nasin's "disagreement with the arbitrators' interpretation and application of established legal principles" does not prove that the award is in manifest disregard of the law. Garrity v. McCaskey, 223 Conn. 1, 13
(1992).
Thus Nasin's claims also fail to meet the test of Garrity. Nasin's application to confirm the award to Nasin is granted and the application to vacate the award to the Town is denied.
Conclusion
"`The party challenging the award bears the burden of producing evidence sufficient to invalidate or avoid it, and only upon a showing that it falls within the proscriptions of § 52-418 of the General Statutes, or procedurally violates the parties' agreement will the determination of an arbitrator be subject to judicial inquiry.' (Citations omitted; internal quotation marks omitted.) Vincent Buildersv. American Application Systems, Inc., 16 Conn. App. 486, 488,547 A.2d 1381 (1988), cert. denied, 210 Conn. 809, 556 A.2d 608 (1989)."Bridgeport Firefighters Ass'n v. Bridgeport, 48 Conn. App. 667, 669-670
(1998). Here neither party has met this burden.
The award of the arbitrators is confirmed.
____________________ Jane S. Scholl, J.