[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this four count complaint, the plaintiff alleges in the first count a breach of contract; fraudulent misrepresentation in the second count; breach of warranty in the third count and a violation of CUTPA in the fourth count.
The Court finds the issues for the plaintiff in the third count (Breach of Warranty). This finding subsumes the allegations of the first count in breach of contract.
The plaintiffs were the owners of a 1989 Subaru. In June 1998 the named plaintiff took his vehicle to the defendant "Suburban" because it was dripping oil on the floor of his garage. Robert Michaels, an employee of Suburban, gave Carbonneau an estimate of $1600 to replace the oil seals or, in the alternate, suggested a used replacement engine for $1800. The Carbonneau engine had 113000 miles on it and the used one was represented to have 65000 miles. Carbonneau agreed to the used replacement engine. However, that engine would not turn over and Michaels advised Carbonneau the engine was not suitable for installation, but he would try to locate another one. Several days later Michaels contacted Carbonneau advising that he had located a different used engine in Suburban's inventory which could be installed for approximately $2400 (which included new oil seals, timing belt and water pump). He represented this to be better than the one in the car (based on the fact that it had substantially fewer miles and that many parts were being replaced, including timing belts, seals, gaskets, belts and water pump).
Carbonneau testified he was told the new engine also had 65000 miles on it. The engine actually had 77000 miles on it according to the invoice presented to Carbonneau. It seems unlikely that Michaels would have made that representation when the paperwork showed otherwise.
Carbonneau picked the car up on July 28, 1998 and approximately one week later Mrs. Carbonneau drove it to Virginia where she found the car was low on oil and reported that to her husband. He in turn called Suburban who told him to bring it in when she returned (which he did on September 10, 1998). It was burning oil at a rate of approximately one quart per 500 to 600 miles and Suburban replaced intake and exhaust seals, but that had little, if any, effect. CT Page 13542
The engine was warranted for not less than thirty days and the excessive oil consumption was reported within that time.
While Suburban did not specifically warrant any particular rate of oil consumption, the plaintiffs reasonably assumed it would not be excessive. The Subaru Warranty Policy, Coverage and Program Guide (plaintiffs' exhibit 2) states that oil consumption at a rate of one quart or more per 1000 miles is unusual and should be investigated. While it may not warrant repair it is excessive consumption by Subaru's standards.
At the time of trial the car had approximately 135000 miles on it, or some 22000 miles more than it did prior to the engine replacement. It has not dripped oil in that time but continues to burn oil at the rate of one quart per 500-600 miles. There was no evidence that it smoked, was unsafe or its performance otherwise affected.
The plaintiff has failed to prove fraudulent misrepresentation by clear and convincing evidence.
Carbonneau's testimony that Michaels misrepresented the mileage is, as discussed earlier, implausible in light of the fact that the mileage was actually shown on the invoice. Nor was the statement that it was a better engine a fraudulent misrepresentation, but rather an opinion based largely on the 36000 fewer miles than the original engine.
For the same reasons the plaintiffs' CUTPA claim must fail. The plaintiffs contracted for a used engine and the invoice price was very close to the estimate agreed to by the parties. While the engine consumed more oil than the manufacturer's guidelines suggest it was not due to any proven unfair or deceptive trade practice.
The plaintiffs seek damages in the amount of $3950 which represents the cost of a re-built engine, according to testimony of their expert witness. However, they did not contract for a rebuilt engine but rather for a used engine. The 1912 case relied upon by the plaintiffs —Lee v. Harris, 85 Conn. 212, 214, is not applicable to this case. IndeedLee itself states: "There is no unbending rule . . . by which such compensation is to be determined. In some cases the sum which will furnish such compensation may be ascertained by evidence of the difference in the value of the property. . . ."
The general rule of damages is the difference between the value of the goods delivered and the value of the goods if they had been as warranted. This rule finds expression in Connecticut General Statutes § 42a-2-714(2). CT Page 13543
In this case the engine in question was not valueless. The plaintiffs have had the benefit and use of it since August 1998 and in that period of longer than two years have put between 20000 and 25000 miles on it. Except for the higher than normal oil consumption the engine has performed satisfactorily.
There was testimony, which the Court credits as reasonable, from John Law, a mechanic with a Subaru dealer in Torrington, Connecticut with experience in buying and selling used engines, that the difference in value of an engine with 77000 miles which burns one quart per 1000 miles and one which burns one quart per 500 miles is $300 to $500.
This is the measure of damages the plaintiffs are entitled to. Accordingly, judgment shall enter for the plaintiffs in the amount of $400 plus costs.
Klaczak, J.